UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN CASTLEBERRY, B59415, | ) | |
| | ) | |
| Petitioner, | ) | No. 19-cv-03565 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| JOHN VARGA, Warden, | ) | |
| Dixon Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Steven Castleberry filed a habeas corpus petition before the Court, lodging six separate grounds for relief in support of his petition. Respondent John Varga, Warden at the Dixon Correctional Center, now moves to dismiss. Varga argues that Castleberry has failed to exhaust his state court remedies. And Castleberry agrees. In fact, Castleberry appears to have realized that these remedies were available thanks to Varga's motion to dismiss, which prompted Castleberry to file a petition for leave to appeal with the Illinois Supreme Court. *See* Castleberry Reply, at ¶¶ 4–6 (Dckt. No. 29). Castleberry asks this Court to stay his habeas petition, rather than dismiss it, pending the Illinois Supreme Court's decision.

Because a stay is only available in limited circumstances that don't apply here, the Court grants Varga's motion to dismiss.

**Background**

After a 2011 jury trial in Cook County, Petitioner Castleberry was convicted of two counts of aggravated sexual assault. *See* Mtn. to Dismiss, at 1 (Dckt. No. 21); *see also* Illinois

Appellate Decision dated 12/31/19, Resp. Ex. A, at 1 (Dckt. No. 21-1). He was sentenced to consecutive nine-year prison terms, with a 15-year firearm enhancement. *See* Illinois Appellate Decision dated 12/31/19, Resp. Ex. A, at 1.

On direct appeal, the Illinois appellate court found that Castleberry's sentence was void because the sentence should have included the firearm enhancement on both counts, not just one. *Id.* at 1–2. The Illinois Supreme Court reversed the appellate court's decision, finding that the appellate court lacked the authority to vacate the sentence. *Id.* at 2. In so ruling, the Supreme Court provided the State with a road map to properly add the second firearm enhancement: the State was free to seek *mandamus* relief to correct the sentence. *Id.*

The State did just that. As the Supreme Court suggested, the State filed a motion for leave to file a petition for writ of *mandamus* relief in the Illinois Supreme Court. *Id.* The Supreme Court granted the writ, and remanded to the trial court for imposition of the firearm enhancement on both counts of aggravated sexual assault. *Id.* On remand, the trial court resentenced Castleberry on March 16, 2017. *Id.* As before, the Court sentenced him to consecutive nine-year terms. This time, though, the Court added the 15-year firearm enhancement to *each* conviction, for a total of 48 years in prison. *Id.*

After a failed motion to reconsider before the trial court, Castleberry appealed the trial court's resentencing decision. *Id.* at 2–3. On appeal, Castleberry argued that: (1) his trial counsel was ineffective; (2) the State, trial counsel, and the trial judge "failed to place him on notice of any sentencing enhancements;" (3) his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (4) he was subject to "double/ triple enhancements." *Id.* at 3–4.

Sometime during Castleberry's appeal, his appellate counsel moved to withdraw. *Id.* at 3. On December 31, 2019, the appellate court affirmed the trial court's resentencing decision and granted appellate counsel's motion to withdraw. *Id.* at 4.

Meanwhile, before the appellate court issued its ruling, Castleberry filed this habeas petition. Castleberry's petition alleges that (1) the trial court erred when it denied his motion to strike an allegedly biased juror; (2) the second firearm enhancement violates double jeopardy and was an improper double enhancement; (3) his appellate counsel was ineffective; (4) his mandatory supervised release violated separation-of-powers principles when it was imposed without any input from the sentencing court; (5) Illinois law improperly allows the admission of propensity evidence at trial for certain sex offenses; and (6) the firearm enhancement violates *Apprendi*. *See* Habeas Petition (Dckt. No. 1).

Now, Varga moves to dismiss Castleberry's habeas petition, arguing that Castleberry has not yet exhausted his available state court remedies. *See* Mtn. to Dismiss, at 3–4 (Dckt. No. 21). Once Castleberry was resentenced, the argument goes, he received a new judgment, which entitled him to file a direct appeal and postconviction petition related to the new sentence. *Id.* at 4. As Varga sees it, Castleberry can still "seek discretionary review of the appellate court's recent decision in the Illinois Supreme Court or United States Supreme Court. Or he may file a postconviction petition in the state trial court[.]" *Id.*

Castleberry agrees with Varga. *See* Castleberry Reply, at ¶¶ 4–6 (Dckt. No. 29). Castleberry told the Court that he "re-read" all of the documents in the case when he received Varga's Motion to Dismiss, and then submitted a "late notice of appeal to the Illinois Supreme Court." *Id.* at ¶ 5. Castleberry explains that the Illinois Supreme Court "allowed [his] petition for leave to appeal." *Id.* at ¶ 6. Castleberry also notes that he has "all intentions to exhaust state

3

court remedies." *Id.* But instead of a dismissal, Castleberry asks this Court to stay the case until he has exhausted those remedies. *Id.*

## Discussion

The parties agree that Castleberry has not yet exhausted some of his claims in state court. So, at the very least, Castleberry's petition is a "mixed" habeas petition, containing both exhausted and non-exhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005).

District courts cannot consider "mixed" habeas petitions. *See Rose v. Lundy*, 455 U.S. 509, 521–22 (1982). "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim: although a federal court now has the option of denying the claim on its merits, 28 U.S.C. § 2254(b)(2), it must otherwise dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) (quoting *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004)) (other citations omitted).

But district courts may stay – rather than dismiss – mixed habeas petitions to ensure that the exhaustion requirement does not unreasonably impair the prisoner's right to relief. *See Rhines*, 544 U.S. at 278 (holding that district courts may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies). The Supreme Court has directed district courts to stay, rather than dismiss, a mixed petition if (1) "the petitioner had good cause for his failure to exhaust;" (2) petitioner's "unexhausted claims are potentially meritorious;" and (3) "there is no indication that petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 279; *see also Yeoman v. Pollard*, 875 F.3d 832, 837–38 (7th Cir. 2017). "[S]tay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277.

4

Nothing in the record suggests that Castleberry had good cause for his failure to exhaust his state court remedies. Indeed, once Castleberry learned that he still had state court remedies available, he took advantage of the opportunity and filed a petition for leave to appeal. *See* Castleberry Reply, at ¶¶ 5–6 (Dckt. No. 29).

The Seventh Circuit has required courts to consider whether a stay is appropriate when the dismissal will "effectively end any chance at federal habeas review." *See Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). This is not such a case. The federal Antiterrorism and Effective Death Penalty Act (AEDPA) has a twelve-month limitations period, which can be tolled by post-conviction relief. The clock on the AEDPA statute of limitations does not start running until the date on "which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244.

Castleberry's resentencing on March 16, 2017 resulted in a new judgment, which reset the clock for statute of limitations purposes under the AEDPA. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). And even then, the statute of limitations does not begin to run until Castleberry exhausts his appeal on direct review. Castleberry's limitations period does not begin until both his conviction *and* sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See Burton*, 549 U.S. at 156–57 (quoting 28 U.S.C. § 2244(d)(1)(A)). That direct review is still pending, so the clock remains paused.

The appellate court affirmed the trial court's resentencing decision on December 31, 2019. *See* Resp.'s Ex. A, at 4 (Dckt. No. 21-1). Castleberry has represented to the Court that he has since filed a late petition for leave to appeal at the Illinois Supreme Court, which the Illinois

5

Supreme Court "accepted." *See* Castleberry Reply, at ¶¶ 5–6 (Dckt. No. 29). Indeed, the Illinois Supreme Court's "Miscellaneous Docket" on May 26, 2020 confirms that the Illinois Supreme Court allowed his late petition for leave to appeal to be treated as a petition for leave to appeal. *See* Supreme Court of Illinois, *Miscellaneous Docket*, Illinois Courts (May 26, 2020), https://courts.illinois.gov/SupremeCourt/Announce/2020/052620-2.pdf. The Court has reviewed the Illinois Supreme Court's decisions and it does not appear that the court has ruled on Castleberry's petition for leave to appeal yet. *See* Supreme Court of Illinois, *Supreme Court Orders and Announcements*, Illinois Courts, http://illinoiscourts.gov/SupremeCourt/Announce/default.asp (last visited October 7, 2020).

So, the appellate court's decision affirming Castleberry's sentence is not yet final, because Castleberry's petition for leave to appeal is currently pending at the Illinois Supreme Court. And if the Illinois Supreme Court denies his appeal, the judgment only becomes final 90 days later (the time period during which Castleberry has the option to file a writ of certiorari to the United States Supreme Court). *See Terry v. Gaetz*, 339 F. App'x 646, 647 (7th Cir. 2009) (noting that petitioner's direct appeal became final 90 days after the Illinois Supreme Court denied his Petition for Leave to Appeal, when petitioner could have filed a petition for writ of certiorari to the United States Supreme Court); *see also Jones v. Hulick,* 449 F.3d 784, 787–88 (7th Cir. 2006) ("The time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review is not counted because a decision does not become final until the time for petitioning for certiorari has passed.").

Even then, once the clock starts running, Castleberry has the option to file for state post-conviction relief, which – if timely filed – would toll the AEDPA limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or

6

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Castleberry has not demonstrated good cause for staying the matter and holding the petition in abeyance. *See* Castleberry Reply (Dckt. No. 29). And, because his resentencing reset the clock for AEDPA purposes, he still has ample time for federal court review of his claims and multiple remedies left to pursue. Castleberry himself indicated that he intends to pursue any available state-law remedies: "Petitioner has all intentions to exhaust state court remedies." *See id.* at ¶ 7. The Court thus dismisses without prejudice Castleberry's petition for habeas corpus while he exhausts his appeal in state court.

## Conclusion

The Court grants Respondent's motion to dismiss Castleberry's petition for habeas corpus. This case does not count as a "first" habeas corpus petition for purposes of the prohibition on unauthorized second or successive habeas corpus petitions. *See* 28 U.S.C. § 2244(b); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

Date:   October 7, 2020

Steven C. Seeger
United States District Judge